UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

JOHN SUTTON, and
MARCIA SUTTON, his wife
   Plaintiffs,

v.

Civil Action No: 17-CV-231

C.A.T. GLOBAL CORP., A CLOSE CORPORATION,
a Delaware corporation,
   Defendant.

## COMPLAINT

**COMES NOW,** the Plaintiffs, JOHN SUTTON and MARCIA SUTTON, his wife, by and through the undersigned attorney, and complaining of the Defendant, C.A.T. GLOBAL CORP., A CLOSE CORPORATION, a Delaware corporation, for damages and allege, as follows:

1. That this is an action for monetary damages which exceeds the sum of Seventy-five Thousand Dollars and No/100 ($75,000.00) Dollars, exclusive of costs and interests.

2. That at all times material hereto, the Plaintiffs, JOHN SUTTON and MARCIA SUTTON, his wife, were residents of Sylva, Jackson County, North Carolina, over the age of eighteen, were lawfully married and otherwise sui juris.

3. That at all times material hereto, the Defendant-owner, C.A.T. GLOBAL CORP., A CLOSE CORPORATION, a Delaware corporation.

4. That at all times material hereto, the Andre Thibault, now deceased, was an employee driver for the Defendant.

5. That on or about February 10, 2016, at approximately 2:25 p.m., Defendant's driver, Andre Thibault, owner was driving a freight truck owned by Defendant, while acting in the course and scope of his employment with Defendant and with Defendant's express permission.

7. That at the time and place aforesaid, the Defendant's vehicle being driven and operated by Andre Thibault crashed into the truck being operated by Plaintiff, John Sutton.

8. That jurisdiction of this subject claim is based on 28 U.S. Code 1332 (Diversity) where the claim at issue exceeds the sum of Seventy-five Thousand Dollars and No/100 ($75,000.00) Dollars and is between citizens of different States. Pursuant to 28 U.S. Code §1332 (c): a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the business, except that in any direct action against the insurer of a policy or contract of lability insurance, whether incorporated or unincorporated.

## COUNT 1- NEGLIGENCE

9. That the Plaintiffs, JOHN SUTTON and MARCIA SUTTON, his wife hereby adopts, re-alleges and incorporates the allegations in paragraph one (1) through eight (8) above, as if fully set forth herein.

10. That Defendant's driver Andre Thibault, negligently and carelessly operated the freight truck that caused the collision at Interstate 90, near Concord Township, Lake County, Ohio, colliding with the freight truck owned and operated by the Plaintiff, JOHN SUTTON in at least the following ways:

   a. Negligently and carelessly operated the Defendant's freight truck without due regard for other vehicles and operators of those vehicles, including Plaintiff, who were rightfully and legally along the way;

   b. Negligently and carelessly operated the Defendant's freight truck at a high and dangerous rate of speed;

   c. Negligently and carelessly operated Defendant's freight truck without sufficient control for conditions prevailing along said roadway;

   d. Failed to stop the Defendant's freight truck in time to avoid a collision, although a collision was imminent, and where he had ample time and opportunity to avoid it;

   e. Drive the Defendant's freight truck in disregard of the prevailing road, weather and traffic conditions, so as to constitute a driving hazard;

   f. Negligently deviated from his own lane of travel and into Plaintiff's lane of travel, in violation of Ohio law;

   g. Failed to keep proper lookout for other vehicles along the roadway, including Plaintiffs;

   h. Any other way that may be proven at the trial of this matter.

11. That at all times material hereto, Defendant's employee driver, Andre Thibault, owned a duty to the Plaintiff, JOHN SUTTON, and to the general public to use due care in the operation, maintenance of the Defendant's motor vehicle; however, Defendant's employee driver breached his duty of care by his operation of the Defendant's motor vehicle in a careless, inattentive and negligent manner as set out above.

12. That as a direct and proximate result of Defendant's employee driver, Andre Thibault's negligent actions or omissions, the Defendant's vehicle violently crashed with the truck driven by Plaintiff John Sutton causing him great and severe personal injuries. These crash and injuries caused the Plaintiff to experience great pain and suffering, post traumatic stress

disorder, physical impairments, inconvenience, mental anguish, loss of capacity for enjoyment of life, incurred medical, hospitalization expenses, including future medical expenses, and any other damages and injuries that may be proven at the trial of this matter, all of said injuries are permanent or continuing in nature and the Plaintiff will suffer said losses and impairment in the future.

## COUNT 2- NEGLIGENCE PER SE

12. That the Plaintiffs, JOHN SUTTON and MARCIA SUTTON, his wife hereby adopts, re-alleges and incorporates the allegations in paragraph one (1) through twelve (12) above, as if fully set forth herein.

13. That the Defendant's driver's actions as described above constitute negligence per se in that these actions violated Ohio Revised Code, Sections 4511.20, 4511.21, and any other ways that may be shown at trial.

14. That as a direct and proximate result of Defendant's employee driver, Andre Thibault's negligence per se for violating one of more of the aforesaid traffic laws of the State of Ohio, the Defendant's vehicle violently crashed with the truck driven by Plaintiff John Sutton causing him great and severe personal injuries. These crash and injuries caused the Plaintiff to experience great pain and suffering, post traumatic stress disorder, physical impairments, inconvenience, mental anguish, loss of capacity for enjoyment of life, incurred medical, hospitalization expenses, including future medical expenses, and any other damages and injuries that may be proven at the trial of this matter, all of said injuries are permanent or continuing in nature and the Plaintiff will suffer said losses and impairment in the future.

## COUNT 3- RESPONDEAT SUPERIOR

15. That the Plaintiffs, JOHN SUTTON and MARCIA SUTTON, his wife hereby adopts, re-alleges and incorporates the allegations in paragraph one (1) through fourteen (14) above, as if fully set forth herein

16. On or about February 10, 2016, and at the time of the crash with Plaintiff John Sutton, as heretofore described, Andre Thibault was acting within the scope of his employment with Defendant C.A.T. GLOBAL CORP., A CLOSE CORPORATION, a Delaware corporation.

17. On or about February 10, 2016, and at the time of the crash with Plaintiff John Sutton as heretofore described, Andre Thibault's purpose of travel was for the benefit of Defendant C.A.T. GLOBAL CORP., A CLOSE CORPORATION, a Delaware corporation and related to his employment with Defendant C.A.T. GLOBAL CORP., A CLOSE CORPORATION, a Delaware corporation.

18. At said time and place, and at the time of the crash with Plaintiff John Sutton as heretofore described, Andre Thibault was the permissive driver of the freight truck that was owned by Defendant C.A.T. GLOBAL CORP., A CLOSE CORPORATION, a Delaware corporation.

19. That as a direct and proximate result of Defendant's employee driver, Andre Thibault's negligence actions or omissions and negligence per se for violations of the traffic law of the State of Ohio, Plaintiff, the Defendant's vehicle violently crashed with the truck driven by Plaintiff John Sutton causing him great and severe personal injuries. These crash and injuries caused the Plaintiff to experience great pain and suffering, post traumatic stress disorder, physical impairments, inconvenience, mental anguish, loss of capacity for enjoyment of life, incurred medical, hospitalization expenses, including future medical expenses, and any other damages and injuries that may be proven at the trial of this matter, all of said injuries are permanent or continuing in nature and the Plaintiff will suffer said losses and impairment in the future.

## COUNT 4- LOSS OF CONSORTIUM CLAIM

20. Plaintiffs, JOHN SUTTON, and MARCIA SUTTON, his wife, hereby adopts, realleges and incorporates the allegations in paragraphs one (1) through nineteen (19) above, as if fully set forth herein, and further allege:

21. That at all times material hereto, Plaintiff, MARCIA SUTTON, was the lawful wife of JOHN SUTTON.

15. That as a direct and proximate result of the aforementioned negligence, and negligence per se of the Defendant's driver, Andre Thibault, the Plaintiffs, JOHN SUTTON and MARCIA SUTTON, his wife, were obligated and did incur medical expenses and will be required to incur medical, hospitalization and various miscellaneous expenses.

16. That as a direct proximate result of the Defendant's driver, Andre Thibault, aforementioned negligence and negligence per se, Plaintiff, MARCIA SUTTON, has suffered in the past and will suffer in the future the loss of her husband's services, consortium, and the care and comfort of his society, support and attentions, due to the aforesaid injuries.

**WHEREFORE**, the Plaintiffs, JOHN SUTTON and MARCIA SUTTON, prays for damages against the Defendant based upon the negligent acts of its agent and employee Andre Thibault in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000.00), plus their costs and this action and any other such relief to be deemed just and equitable.

This the 22 day of August, 2017.

### EARWOOD, MOORE, CARPENTER & GUY, PLLC

s/ Kimberly N. Carpenter

---

Kimberly N. Carpenter
Attorney for Plaintiff
559 West Main Street
Sylva, North Carolina 28779
(828) 339-1010 Telephone
(828) 339-1019 Facsimile